# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Christopher Darnell Dean, | ) |
| | ) |
| | ) Civil Action No.: 1:19-cv-01768-JMC |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| H. Joyner, | ) |
| | ) |
| | ) |
| Respondent. | ) |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 19), filed on October 18, 2019, recommending that Christopher Dean's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed with prejudice pursuant to 28 U.S.C. § 2241, and that Respondent's Motion to Dismiss (ECF No. 11) be granted.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The parties were advised of their right to file objections to the Report. (ECF No. 19 at 11.) Neither party filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19), **GRANTS** Respondent's Motion to Dismiss (ECF No. 11), and **DISMISSES** Petitioner Christopher Darnell Dean's Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Petitioner Christopher Darnell Dean a certificate of appealability.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

February 3, 2020
Columbia, South Carolina